**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

RICK RANIZE, and
RITA RANIZE

        Plaintiffs,

v.                                                Case No.: 5:11-cv-646-Oc-32TBS

TOWN OF LADY LAKE, FLORIDA

        Defendant.

## ORDER

This case is before the Court on Defendant Town of Lady Lake, Florida's Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 16.) Plaintiffs Rick and Rita Ranize filed a response in opposition. (Doc. 17.)

**I. Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). A claim is facially plausible when the Court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

(2007)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the complaint only alleges facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation omitted).

## II. Background

The Amended Complaint alleges that Lady Lake employed Rita Ranize as a police dispatcher until December 3, 2010.[1] (Doc. 13 at 2.) During 2010, Rick Ranize, Rita Ranize's husband, requested documents from Kris Kollgaard, the town manager, relating to Lady Lake Chief of Police Ed Nathanson's alleged unlawful acquisition and sale of firearms. (Id.) After receiving the documents, Rick Ranize forwarded them to members of the Lady Lake Town Council and Nathanson. (Id. at 2, 4.)

Less than three weeks later, Lady Lake inadvertently posted a social security number on the town's website. (Id. at 2.) Rita Ranize informed the Human Resource director and then sent a text message to the person responsible for the posting, Kollgaard's assistant. (Id.) Nathanson, who apparently saw the message, allegedly found it to be a "threatening communication" and fired Rita Ranize. (Id. at 3.) On January 11, 2011, Kollgaard upheld the termination. (Id.)

The Ranizes bring claims under 42 U.S.C. § 1983, alleging that Lady Lake's reasons for terminating Rita Ranize were mere pretext and that it actually fired her in retaliation for

---

[1] Although the Amended Complaint does not state when Rita Ranize began her employment with Lady Lake, construing the facts in the light most favorable to the Ranizes, Lady Lake employed her during the relevant time period.

2

Rick Ranize's exposure of Nathanson. (Id. at 1, 3-5.) Lady Lake seeks dismissal of the claims, arguing that: (1) Rick Ranize has no standing to bring a retaliation claim; and (2) neither Rick nor Rita Ranize engaged in "protected speech" under the First Amendment. (Doc. 16 at 1-2, 4, 6-7.)

### III.  Rick Ranize

Rick Ranize alleges that Lady Lake violated his First and Fourteenth Amendment rights by discharging Rita Ranize in retaliation for Rick Ranize's protected speech regarding Nathanson's alleged activities. (Doc. 13 at 4.) For a private citizen to "state a retaliation claim," he "must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). As to the second prong, "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1254; see also Thompson v. Hall, 426 F. App'x 855, 859 (11th Cir. 2011). Lady Lake argues that Rick Ranize did not: (1) engage in protected speech (Doc. 16 at 2, 6); or (2) suffer an adverse employment action (Id. at 2, 4).

Lady Lake contends that Rick Ranize's act of investigating Nathanson's conduct and transmitting documents to the Town Council does not "implicate[] conduct protected by the First Amendment." (Id. at 6.) Lady Lake cites Thampi v. Manatee County Board of Commissioners, 384 F. App'x 983, 989 (11th Cir. 2010), in which a plaintiff sued his former employer, claiming that the employer retaliated against him because he was listed as a

witness in a particular trial. Thampi, 384 F. App'x at 985-86. The court noted that the plaintiff had not yet testified when he was terminated, nor had he expressed an opinion on the matter to anyone; consequently, there was no content, form, or context of speech for the court to examine. Id. at 989.

Thampi is distinguishable from this case. First, Rick Ranize is not an employee of Lady Lake and is not required to establish that his speech relates to a matter of public concern. See id. Second, although Lady Lake insists that Rick Ranize's actions do not constitute speech at all, there is content, form, and context for the Court to examine. See id. Specifically, Rick Ranize initiated communication with the Town Council and other officials by sending them documents purportedly showing Nathanson's involvement in unlawful activities. (Doc. 13 at 2, 4.) The content of the communication consists of the information in the documents; the form of the communication is the act of forwarding the documents; and the context is the active conveyance of relevant information about a public official's behavior and an implied call to action. Accordingly, for purposes of a motion to dismiss, the Amended Complaint sufficiently alleges that the transmission of the documents is protected speech.[2]

Additionally, Rick Ranize need not allege an adverse employment action to establish a prima facie case of retaliation. Bennett, 423 F.3d at 1252-53. If the Court required an adverse employment action to prove a retaliation claim, a private citizen punished by the government for exercising his or her First Amendment rights would never have standing to

---

[2] Alternatively, Plaintiffs suggest that the conduct was protected by the "Petition Clause" of the First Amendment. (Doc. 17 at 2-5.) The Court need not address this point at this stage of the proceedings.

4

bring a claim.  Cf. Bennett, 423 F.3d at 1255-56 (collecting cases) ("[I]t is 'settled law' that the government may not retaliate against citizens for the exercise of First Amendment rights[.]").  Instead, for a private citizen to allege retaliation by public officials, that citizen need only show that the adverse action taken in retaliation would likely deter a person of ordinary firmness from exercising his or her First Amendment rights.  See id.

Rick Ranize contends that Lady Lake sought to punish him for exercising his rights by firing his wife; thus, the issue is whether Rita Ranize's termination constitutes an injury to Rick Ranize.  Rick Ranize avers that he has suffered "economic and non-economic losses, including but not limited to, emotional pain and suffering, humiliation, shame and mental anguish."  (Doc. 13 at 4.)  Although the Amended Complaint could contain more detail regarding the injuries Rick Ranize sustained as a result of his wife's termination, it is easy to understand how a spouse's termination could adversely affect the other spouse.  Therefore, for purposes of this motion to dismiss, Rick Ranize has alleged a sufficient injury.

Although not in the context of a First Amendment retaliation claim, the Supreme Court has reasoned that firing an intimate associate is a sufficient adverse action to deter an individual from exercising his or her rights under Title VII.  See Thompson v. N. Am. Stainless, LP, 131 S.Ct. 863, 868 (2011) ("We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiance would be fired.").  While Thompson is factually distinguishable from this case, the Supreme Court's reasoning guides this Court in evaluating whether the Amended Complaint properly alleges the second element of a prima facie case of retaliation.  See Harrington v. Career Training Inst. Orlando, Inc., No. 8:11-cv-1817-T-33MAP, 2011 WL 4389870, at *2 (M.D. Fla. Sept. 21, 2011) (relying

5

upon Thompson to deny a motion to dismiss in a third-party reprisal claim, despite factual differences between that case and Thompson); McGhee v. Healthcare Servs. Grp., Inc., No. 5:10cv279/RS-EMT, 2011 WL 818662, at *2-3 (N.D. Fla. Mar. 2, 2011) (same).

Finally, Rick Ranize must allege a causal connection between the adverse action and the exercise of his right to free speech.  The Amended Complaint does not contain many facts suggesting that Lady Lake fired Rita Ranize in retaliation for Rick Ranize's exercise of his rights; however, the Ranizes note temporal proximity between Rick Ranize's exercise of his First Amendment rights and Rita Ranize's termination.  (Doc. 13 at 2-3.)  The Ranizes also aver that Lady Lake's alleged reason for firing Rita Ranize was mere pretext because Lady Lake could not have terminated Rita Ranize for the proffered reason.  (Id.)  Because the parties have yet to conduct discovery, at this stage of the proceedings it is sufficient that the Amended Complaint merely asserts a causal connection and some facts to support it. See Akins v. Fulton Cnty., Ga., 420 F.3d 1293, 1305 (11th Cir. 2005) (finding that the close temporal proximity between the protected speech and adverse employment action suggested a causal relationship).  Consequently, Rick Ranize sufficiently alleges a prima facie case of retaliation.

### IV. Rita Ranize

Lady Lake maintains that Rita Ranize fails to allege that she engaged in any protected conduct and accordingly her First Amendment retaliation claim must fail.  (Doc. 16 at 7.) Although never explicitly stated in the Amended Complaint, Rita Ranize's claim is one of

intimate association.³  The right of intimate association is protected from governmental intrusion as a fundamental aspect of individual liberty and includes the freedom to enter into and maintain a marriage. Fagan v. City of Marco Island, No.: 2:04CV494FTM33SPC, 2005 WL 1667662, at *4 (M.D. Fla. July 14, 2005).

To prove a violation of the right of intimate association, a plaintiff "must demonstrate that she had a constitutional right and . . . suffered adverse employment action for exercising the right." Chesser v. Sparks, 248 F.3d 1117, 1124 (11th Cir. 2001) (internal quotation omitted).  If a plaintiff establishes both elements, then the Pickering balancing test⁴ is used to determine whether the plaintiff's interest in exercising her rights outweighs the employer's interest in maintaining workplace efficiency. Starling v. Bd. of Cnty. Comm'rs., 602 F.3d 1257, 1261 (11th Cir. 2010).

The Amended Complaint sufficiently alleges the basic components of an intimate association claim.  The Ranizes are married, thereby creating a fundamental right of intimate association. (Doc. 13 at 1.)  Additionally, Lady Lake terminated Rita Ranize, which is an adverse employment action. (See id. at 3.)  To allege a causal connection between Rita Ranize's exercise of her right of intimate association and her termination, she cites only the

---

³ Lady Lake impliedly recognizes that Rita Ranize alleges a violation of this right by citing Cutliffe v. Cochran, which involved an intimate association claim. (See Doc. 16 at 7 (citing Cutliffe v. Cochran, 117 F.3d 1353, 1355 (11th Cir. 1997).)

⁴ The Supreme Court initially developed this test in Pickering v. Board of Education, 391 U.S. 563 (1968) "to assess the constitutionality of burdens on free speech in the public-employment context." Starling, 602 F.3d at 1260 n.1. "The test in the intimate association context is identical, except the intimate association does not have to be of public concern." Id.

temporal proximity of her discharge to Rick Ranize's actions (Id. at 2-3); however, temporal proximity allegations are sufficient to avoid dismissal.  See Akins, 420 F.3d at 1305.  Thus, Rita Ranize asserts that Lady Lake fired her for Rick Ranize's conduct, in essence punishing her for her intimate association with her husband.  Although the Amended Complaint does not use the terms "freedom of association" or "intimate association," it nonetheless establishes all of the elements of an intimate association claim.[5]

**V.  Conclusion**

The Amended Complaint is by no means a model pleading.  Moreover, this case presents some out-of-the-ordinary legal issues which will require further analysis down the road.  Nevertheless, taken in the light most favorable to Plaintiffs, the claims are "facially plausible" and Plaintiffs should be allowed to try to prove them.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Town of Lady Lake, Florida's Motion to Dismiss (Doc. 16) is **DENIED**.  Defendant shall answer the Amended Complaint **no later than November 2, 2012**.

2. The deadlines contained in the Court's September 10, 2012 Order (Doc. 22) are **VACATED**.

---

[5]  At this time, the Court is not required to determine whether, under Pickering, Lady Lake's interests outweigh Rita Ranize's interest in exercising her constitutional rights, because vital facts are in question.  While the Amended Complaint states that Lady Lake purportedly fired Rita Ranize for sending a threatening message, the Ranizes dispute that the message was threatening and argue that Lady Lake's stated reason for firing Rita Ranize was pretext. (Doc. 13 at 3-5.)  Consequently, it would be premature to attempt to weigh the parties' interests.

3.     **No later than November 2, 2012**, the parties should submit a new case management report with appropriate deadline dates (CMR form attached).

**DONE and ORDERED** in Jacksonville, Florida this 12th day of October, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jk
Copies To:

Counsel of Record

Attachment: Case Management Report Form